# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-2020V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| SARAH NEAL *and* RICHARD C. NEAL *parents of deceased infant,* C.N., | |
| Petitioners, | Special Master Corcoran |
| v. | Filed: October 19, 2018 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorney's Fees and Costs. |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Phyllis Widman*, Widman Law Firm LLC, Ocean City, NJ, for Petitioner.

*Traci Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 27, 2016, Sarah and Richard Neal ("Petitioners") filed a petition on behalf of their deceased infant, C.N., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners alleged that the TDaP vaccine Mrs. Neal received on December 22, 2015, while C.N. was in gestation, caused him to be delivered stillborn on December 24, 2015. Petitioner at 1. At the same time this matter was initiated, Mrs.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Neal filed a separate petition on her own behalf but based upon the same tragic set of facts.[3] Respondent interposed a motion to dismiss this case on April 6, 2018. ECF No. 10. I granted that motion on July 24, 2018, holding that because there was no dispute that C.N. was not born alive, the facts of this case did not fit into the requirements of the Vaccine Act Amendment for bringing a claim on an infant's behalf for *in utero* vaccine injury. Decision (ECF No. 19) at 5.

Petitioners have now filed a motion requesting final attorney's fees and costs, dated September 5, 2018 (ECF No. 22) ("Fees App."), requesting reimbursement in the total amount of $22,310.00 (representing $21,910.00 in attorney's fees, plus $400.00 in costs). Fees App. at 4. Counsel also warrants that pursuant to General Order No. 9, Petitioners have not incurred any additional fees or costs related to the litigation of this case. Fees App. Ex. C. Respondent reacted to the motion on September 7, 2018, reiterating that petitioners' claim was dismissed due to failure to state a proper claim under the requirements of the Vaccine Act Amendment, but otherwise deferring to me to determine whether the statutory requirements for an award of attorney's fees and costs, including the reasonable basis requirement, are met in this case. Response (ECF No. 23) at 2.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding final attorney's fees and costs in the amount of **$20,612.50**.

## ANALYSIS

### I.   A Final Award of Fees and Costs is Appropriate

I have in prior decisions set forth at length the criteria to be applied when determining if fees should be awarded for an unsuccessful claim. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances." The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec.

---

[3] That case, *Neal v. Sec'y of Health & Human Servs.*, No. 17-2021V, remains pending before the Court. As noted below, it is likely that some fees or costs requested herein overlap with that case; I will address whether such fees are properly included in any subsequent fee request interposed in the still-pending parallel case.

Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

Although Petitioners were not successful in pursuing their claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. I do not doubt that Mr. and Mrs. Neal brought their claim in a good-faith belief that Mrs. Neal's vaccination played a causal role in C.N.'s death, and that such a claim could be brought on C.M.'s behalf. Additionally, although the petition was eventually dismissed for failure to state a proper claim, the propriety of the claim presented an issue of first impression. Under these circumstances, it would be unfair to deny an award of final fees and costs to Petitioners merely because their novel claim was ultimately unsuccessful.[4]

## II.   Calculating Amount of Final Award

I must now evaluate what amount of award is proper. In any Vaccine Program case in which fees are sought, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[5] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of*

---

[4] However, given my ruling on this matter, I note that *in the future* I will be disinclined to award fees and costs to any other petitioners alleging a claim on behalf of a child's *in utero* receipt of a vaccine where that child is not born alive, absent an amendment to the Rules.

[5] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

*Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioners request compensation for their attorney, Ms. Phyllis Widman, at a flat rate of $350.00 per hour for all work performed in 2017 and 2018. Fees App. at 4. This rate requires some adjustment. I have previously awarded Ms. Widman $300.00 per hour for work performed in 2017. *Thompson v. Sec'y of Health & Human Servs.*, No. 15-1498V, 2017 WL 3811130, at *4 (Fed. Cl. Spec. Mstr. Aug. 2, 2017). Other special masters have also awarded Ms. Widman $300.00 for her 2017 work. *See Maxwell v. Sec'y of Health & Human Servs.*, No. 16-827V, slip op. at 3 (Fed. Cl. Spec. Mstr. Sept. 17, 2018); *Lewis v. Sec'y of Health & Human Servs.*, No. 15-941V, 2016 WL 5920739, at *5 (Fed. Cl. Spec. Mstr. Sept. 15, 2016). Accordingly, consistent with my past determination, I will award Ms. Widman $300.00 for all work performed in 2017. Because the billing records indicate that Ms. Widman billed a total of 29.05 hours in 2017, this results in a reduction of **$1,452.50**. Fees App. Ex. 1 at 1-2.

Concerning Ms. Widman's requested rate of $350.00 per hour for work performed in 2018, I find that this is a reasonable amount for an attorney with her years of experience both overall and within the Vaccine Program, and is consistent with the forum rates prescribed by the OSM Attorneys' Forum Hourly Rate Fee Schedule.[6] It is also consistent with past determinations from other special masters. *See Maxwell*, slip op. at 3.

The overall hours spent on this matter (66.20) appear to mostly reasonable. The only exception is for three entries in early 2018 totaling 0.7 hours, described as "Preparation for filing Exhibits." Fees App. Ex. 1 at 2. Although these entries are vague as to what work is actually being done, I interpret them to mean Ms. Widman was scanning medical records and other exhibits in order to file them on CMECF. However, tasks such as scanning or replicating documents have consistently been held to be administrative/clerical work, which is not compensable in the Vaccine Program. *See Blake v. Sec'y of Health & Human Servs.*, No. 16-689V, 2018 WL 1125693, at *5 (Fed. Cl. Spec. Mstr. Jan. 17, 2018); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V,

---

[6] The OSM Attorneys' Forum Hourly Rate Fee Schedule for 2018 is available at http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. I have not previously ruled that Ms. Widman is entitled to forum rates, however – and I have held that attorneys practicing in the Ocean City, New Jersey area like her *are not*. *See, e.g., Kerrigan v. Sec'y of Health & Human Servs.*, No. 16-270V, 2016 WL 7575240, at *2 (Fed. Cl. Spec. Mstr. Nov. 22, 2016) (citing *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *11-12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015)). However, because I find herein that the overall sum is reasonable even if the 2018 rate assumes the propriety of a forum rate, I do not reach the question of whether generally Ms. Widman should receive forum rates.

2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017). This results in a reduction of **$245.00**. In total, Petitioners are awarded **$20,212.50** in attorneys' fees. (I will resolve whether any time billed to this matter was equally devoted to the parallel still-pending case when the fees request is submitted in that matter).

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). In this case, Petitioners have requested compensation for only one cost - $400.00 for the Court's filing fee. Adequate documentation of this cost has been provided, and thus it shall be reimbursed in full. Accordingly, Petitioners are entitled to **$400.00** in attorneys' costs.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$20,612.50** (representing $20,212.50 in attorney's fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioners and their counsel, Ms. Phyllis Widman, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.